# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NEDA MEHRYARI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:17-CV-00679-ALM-KPJ |
| FIRST NATIONAL BANK TEXAS D/B/A FIRST CONVENIENCE BANK, | § § § § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 8, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #106) was entered, containing proposed findings of fact and recommendations that the following motions be denied:

1. Plaintiff Neda Mehryari's ("Plaintiff") Motion for Partial Summary Judgment ("Plaintiff's Motion for Partial Summary Judgment") (Dkt. #29); and

2. Defendant First National Bank Texas d/b/a First Convenience Bank's ("Defendant") Motion for Summary Judgment ("Defendant's Motion for Summary Judgment") (Dkt. #74).

Defendant filed objections to the Report (the "Objections") (Dkt. #117), and Plaintiff filed a reply (Dkt. #119). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Defendant's primary argument is that because the Magistrate Judge recommended that Plaintiff's Motion for Partial Summary Judgment (Dkt. #29) be denied, Defendant's Motion for Summary Judgment (Dkt. #74) should be granted. *See generally* Dkt. #117. However, Defendant's argument is flawed. Plaintiff's Motion for Partial Judgment argued only that the evidence established that Plaintiff had a disability as a matter of law. The Magistrate Judge disagreed, finding that genuine issues of material fact remain as to whether Plaintiff has a disability within the meaning of the ADAAA. *See* Dkt. #106 at 13. The Magistrate Judge's conclusion that Plaintiff failed to establish her disability as a matter of law does not lead to the opposite conclusion that Plaintiff *does not* have a disability as a matter of law. The mere fact that there is a genuine issue of material fact with respect to whether Plaintiff has a disability within the meaning of the ADAAA—a required element of Plaintiff's *prima facie* case—is sufficient for this matter to proceed to trial. Furthermore, as the Magistrate Judge explained, Defendant also failed to establish Plaintiff did not meet her burden with respect to the other *prima facie* elements. *See* Dkt. #106 at 13-14. Accordingly, Defendant's Objection in this regard is **OVERRULED**.

Defendant also argues that the Report failed to make a specific recommendation regarding summary judgment of Plaintiff's FMLA retaliation claim. *See* Dkt. #117 at 11-12. Defendant requests that the Court review the issue *de novo* and make a finding that Plaintiff failed to establish her *prima facie* case of retaliation. *Id*. To the extent the Report did not specifically address Plaintiff's FMLA retaliation claim, for all the same reasons articulated in the Magistrate Judge's analysis of Plaintiff's ADA discrimination claim with respect to the legitimacy of Defendant's

stated reason for terminating Plaintiff, the Court finds that Defendant is not entitled to summary judgment of Plaintiff's FMLA Claim. This claim shall likewise proceed to trial.

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Dkt. #29) is **DENIED**, and Defendant's Motion for Summary Judgment") (Dkt. #74) is **DENIED**. This matter shall proceed to trial.

**IT IS SO ORDERED**.

SIGNED this 12th day of December, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE